IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-28,164-02






EX PARTE BRUCE HAMILTON LEE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 73469-120-1 IN THE 120TH DISTRICT COURT


FROM EL PASO COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for a writ of habeas
corpus. Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was
convicted of delivery of cocaine and sentenced to eighteen (18) years' imprisonment.

 Applicant contends that he is eligible for street time credit but has been improperly
denied credit against his sentence for time served on supervised release. The trial court has
entered an order finding that Applicant is entitled to credit for this time because, on the date
of the warrant or summons initiating the revocation process, the remaining portion of
Applicant's sentence was less than the time spent on parole. Ex parte Spann, 132 S.W.3d
390, 393 (Tex. Crim. App. 2004). However, the record does not support this finding.

 Specifically, the record contains a verified time calculation from the Texas
Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID),
acknowledging that Applicant's conviction does not render him ineligible for street time
credit. The calculation further reflects that Applicant began serving his eighteen-year (that
is, 6,570-day) sentence on October 29, 1993. He was released to parole on January 13, 1999. 
The warrant initiating revocation proceedings issued on August 20, 2004. Thus, Applicant
served approximately five years, two months, and fifteen days (that is, 1902 days) before he
was released to parole. He then served approximately five years, seven months, and seven
days (that is, 2046 days) on release prior to the issuance of the warrant. Accordingly, at the
time of issuance of the warrant initiating the revocation process, the remaining portion of
Applicant's sentence was approximately seven years, two months, and nine days (that is,
2,626 days). The remaining portion of Applicant's sentence was greater than the time he
spent on parole. Applicant is not entitled to credit for the time he served on supervised
release, Ex parte Spann, 132 S.W.3d at 393; therefore, we deny relief. 


Delivered: November 15, 2006

Publish